NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1001

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 56967

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his reclassification by the Sex Offender Registry Board (SORB) as a level three sex offender. On appeal, Doe argues that the reclassification decision was arbitrary and capricious and an abuse of discretion because the hearing examiner erred in applying two of SORB's regulatory factors, factor 33 (home situation and support systems) and factor 29 (offense-free time in the community). We affirm.

Background. In 2003, a Superior Court jury convicted Doe of the rape of an adult woman (victim one). As a result of this conviction, Doe served a committed sentence, from which he was released in March 2008. In 2009, after an evidentiary hearing, SORB classified Doe as a level two sex offender.

In October 2018, a second victim (victim two) disclosed that between 2012 and 2014, Doe raped her repeatedly. In a forensic interview, victim two reported that when Doe babysat her when she was between six and eight years old, he took her into a basement, locked the door, inserted his penis into her vagina, and put his hand over her mouth to keep her quiet. Based on his conduct toward victim two, Doe was indicted and arraigned in 2019 in Superior Court on charges of rape of a child aggravated by age difference, rape of a child, and indecent assault and battery on a child under fourteen. The hearing examiner found there to be "substantial credible and reliable evidence to conclude that [Doe] did in fact repetitively sexually assault [victim two]."

In December 2018, Doe's then seven year old daughter (victim three) disclosed that between March 2014 and November 2018, Doe raped her repeatedly. She reported in a forensic interview that beginning when she was about five years old Doe would penetrate her vagina and anus with his penis and that, on at least one occasion, he showed her images of what he said was a girl having sex with her father. Based on his conduct toward victim three, Doe was indicted and arraigned in 2019 in Superior Court on charges of rape of a child aggravated by age difference (three counts), rape of a child as a repeat offender (three counts), indecent assault and battery on a child under age

2

fourteen as a repeat offender, and dissemination of obscene matter to a minor. The hearing examiner found there to be "substantial reliable and credible evidence to find as fact that [Doe] sexually assaulted [victim three] as alleged."

In January 2020, after learning of Doe's new sexual offense charges, SORB notified Doe of his duty to register as a level three sex offender. Doe challenged the reclassification, and an evidentiary hearing was held on January 20, 2021. The hearing examiner considered documentary evidence, as well as the testimony of Doe's current girlfriend and two friends.

In assessing the evidence, the hearing examiner applied with "increased weight" both high-risk factor 2 (repetitive and compulsive behavior) and high-risk factor 3 (adult offender with a child victim). The hearing examiner considered nine risk-elevating factors[1] and three risk-mitigating factors, factor 29 (offense-free time in the community), factor 30 (advanced age), and factor 33 (home situation and support systems).

After analyzing all relevant factors, the hearing examiner found by clear and convincing evidence that Doe presents a high

---

[1] Factor 7 (relationship between offender and victim), factor 10 (contact with criminal justice system), factor 11 (violence unrelated to sexual assaults), factor 13 (noncompliance with community supervision), factor 15 (hostility toward women), factor 18 (extravulnerable victim), factor 19 (level of physical contact), factor 21 (diverse victim type), and factor 22 (number of victims).

3

risk to reoffend as well as a high degree of dangerousness. Further finding that a substantial public safety interest is served by Internet publication of his registry information, the hearing examiner ordered Doe to register as a level three sex offender. A judge of the Superior Court upheld the classification, and Doe appealed from that judgment.

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). "A reviewing court may set aside or modify [SORB's] classification decision where it determines that the decision is in excess of [SORB's] statutory authority or jurisdiction, is based on an error of law, is not supported by substantial evidence, or is an arbitrary and capricious abuse of discretion." Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 762 (2022) (Doe No. 6729), quoting Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 30 (2021). See G. L. c. 30A, § 14 (7). Review is "confined to the administrative record" and we "give due weight to the experience, technical competence, and specialized knowledge of [SORB], as well as to the discretionary authority conferred upon it." Doe No. 523391, supra at 88, quoting Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015).

4

When making a level three classification, SORB bears the burden of establishing, by clear and convincing evidence, "that the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination" of the offender's registration information.  G. L. c. 6, § 178K (2) (c).  See Doe No. 6729, 490 Mass. at 768.  The hearing examiner must make explicit findings as to the three required elements, Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 657 (2019), and must consider twelve statutory factors, see G. L. c. 6, § 178K (1) (a)-(l), as well as any other information "useful in assessing the risk of reoffense and the degree of dangerousness posed to the public by the sex offender."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 105 (2014), quoting G. L. c. 6, § 178L (1).  SORB's regulations for applying the statutory factors set out thirty-eight relevant aggravating and mitigating considerations.  See Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019) (Doe No. 23656), citing 803 Code Mass. Regs. § 1.33 (2016).

Doe argues that the hearing examiner erred in applying factor 33 (home situation and support systems) because the examiner did not ascribe it a specific weight.  However, SORB's regulations "do not prescribe the weights" that must be given to

factor 33. Doe No. 6729, 490 Mass. at 767-768. See 803 Code Mass. Regs. § 1.33(33) (2016). According to the regulations, factor 33 receives "greater mitigating consideration" when there is "evidence of a support network that is aware of the offender's sex offense history and provides guidance, supervision, and support of rehabilitation." Id. The hearing examiner applied factor 33 according to its terms and had discretion "to determine how much weight to ascribe" to it. Doe No. 23656, 483 Mass. at 138-139. Given that Doe's new sexual offenses occurred despite his support network, there was no error in the hearing examiner's consideration of this factor[2] and implicit determination that it does little to mitigate Doe's high risk of reoffense.

Doe also argues that the hearing examiner erred by not giving factor 29 (offense-free time in the community) full risk-mitigating weight. According to the regulation pertaining to factor 29, the risk of reoffense "lowers substantially after ten years of offense-free time in the community." 803 Code Mass. Regs. § 1.33(29) (2016). Although, as of the January 2021 reclassification hearing, Doe had not been convicted of a new sex offense since his March 2008 release from custody, the

_____

[2] When assessing factor 33, the hearing examiner wrote: "I consider that [Doe] has support of his girlfriend and friends, though I also note that his supportive relationships with them did not prevent his new sexual misconduct."

6

hearing examiner found "substantial evidence that he was committing sex offenses through much of that time." While factor 29 defines when offense-free time begins,[3] it does not define when offense-free time ends. Id. There is nothing in the regulation's terms which states that offense-free time ends only with a conviction. Therefore, based on the evidence, we see no error in the hearing examiner's decision to give no weight to factor 29.

We conclude that the hearing examiner did not err in applying factors 33 and 29, and affirm the Superior Court judgment upholding Doe's reclassification as a level three sex offender.

Judgment affirmed.

By the Court (Rubin, Ditkoff & Grant, JJ.[4]),

Assistant Clerk

Entered: February 22, 2024.

---

[3] "For purposes of factor 29, the offense-free time begins on the date of an offender's most recent release from custody for a sex offense or non-sexual violent offense. In the case of an offender who was not committed, the offense-free time begins on the most recent date of conviction or adjudication of a sex offense or non-sexual violent offense." 803 Code Mass. Regs. § 1.33(29).

[4] The panelists are listed in order of seniority.

7